JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Amaryllis Santiago

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
John A. Mattiacci, Jr., Mattiacci Law, LLC, 1500 JFK Blvd., Suite 620, Phila., PA 19102, tel: 215-914-6919

## DEFENDANTS

United States of America, United States Postal Service d/b/a USPS, John Doe Corporations #1-10, et al

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq.

Brief description of cause:
Negligence/Government defendant

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 10/9/2026

SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

05/2023

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

# DESIGNATION FORM

*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 2226 Spruce Street, Apt. 1M, Philadelphia, PA 19103

Address of Defendant: 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106

Place of Accident, Incident or Transaction: 10/10/2024, parking lot of 300 S. Main Street, Wilkes-Barre, PA 18706

***RELATED CASE IF ANY:***

Case Number:______ Judge:______ Date Terminated______

Civil cases are deemed related when ***Yes*** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court? Yes ☐ No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual? Yes ☐ No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 10/9/2026 ______ 89657

Attorney-at-Law (Must sign above) Attorney I.D. # (if applicable)

**Civil (Place a √ in one category only)**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*:______

***B. Diversity Jurisdiction Cases:***

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):______
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*______

## ARBITRATION CERTIFICATION

*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, ______, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: ______ ______ ______

*Attorney-at-Law (Sign here if applicable)* *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Amaryllis Santiago : CIVIL ACTION

v. :

United States of America, et al : NO. 26-7798

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. (X)

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( )

| 10/9/2026 | John A. Mattiacci, Jr., Esquire | [signature] |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for Plaintiffs** |
| 215-914-6919 | 215-914-6958 | jm@jminjurylawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Amaryllis Santiago<br><br><br>Plaintiff<br><br>v.<br><br>United States of America<br>and<br>United States Postal Service d/b/a USPS<br>And<br>John Doe Corporations #1-10<br>and<br>John Doe Individuals #1-10<br>Defendants | CIVIL ACTION NO.: 26-7798<br><br>JURY TRIAL DEMANDED |

**COMPLAINT - CIVIL ACTION**

Plaintiff Amaryllis Santiago, by and through their attorneys of the firm of Mattiacci Law, LLC, file this Complaint against Defendants United States of America, United States Postal Service, John Doe Corporations #1-10, and John Doe Individuals #1-10, and allege as follows:

**PARTIES**

1. Plaintiff Amaryllis Santiago is an adult individual residing at 2226 Spruce Street, Apt. 1M, Philadelphia, PA 19103 and is a citizen of the Commonwealth of Pennsylvania.

2. Claims are made against the defendant United States of America pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq., for the negligent acts and omissions of its employees acting within the scope of their employment with the United States Postal Service d/b/a USPS, for acts that took place at the United States Postal Service parking lot located at 300 S. Main Street, Wilkes-Barre, PA 18706.

3. Defendant, United States Postal Service d/b/a USPS, was at all times relevant hereto an executive department or agency of defendant, United States of America.

4. Defendant, John Doe Corporations #1-10, are the fictitious names of government units, corporations or business entities who are presently unknown to plaintiff and who are the alter egos or otherwise owned, operated or controlled the premises/parking lot at 300 S. Main Street, Wilkes-Barre, PA 18706 and/or made repairs or performed maintenance on the parking lot area. Plaintiff reserves the right to amend this Complaint at such time as the identity of any of these fictitious defendants become known throughout the course of continuing investigation and discovery.

5. Defendant, John Doe Individuals #1-10, are the fictitious names of individuals who are presently unknown to plaintiffs and who are the alter egos or otherwise owned, operated or controlled the premises/parking lot at 300 S. Main Street, Wilkes-Barre, PA 18706 and/or made repairs or performed maintenance on the parking lot area. Plaintiffs reserve the right to amend this Complaint at such time as the identity of any of these fictitious defendants become known throughout the course of continuing investigation and discovery.

## **JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1346(b)(1), which provides that the district courts shall have jurisdiction over civil actions against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e) because United States Postal Service d/b/a USPS is an agency of the United States of America, and a substantial part of the events giving rise to the claims occurred in this district at 300 S. Main Street, Wilkes-Barre, PA 18706.

8. On or about March 11, 2026, Plaintiff Amaryllis Santiago submitted an administrative tort claim to United States Postal Service, pursuant to 28 U.S.C. § 2675(a), providing notice of their claims arising from the incident that occurred on October 10, 2024.

9. More than six (6) months have elapsed since Plaintiff filed their administrative claim, and the claim has either been finally denied or deemed denied by operation of law pursuant to 28 U.S.C. § 2675(a), thereby exhausting Plaintiff's administrative remedies and permitting the filing of this action.

10. On or about August 17, 2026, the United States Postal Service responded to plaintiff’s demand with an offer for a lesser amount than demanded.

11. Pursuant to the Act, plaintiffs may bring an action against the defendants in an appropriate United States District Court when the agency fails to make a final disposition of a claim within six (6) months after it has been filed.

12. This suit is timely filed within six (6) months from defendants initial partial offer of plaintiff’s demand.

## FACTUAL BACKGROUND

13. The incident took place in the parking lot the United States Postal Service located at 300 S. Main Street, Wilkes-Barre, PA 18706 on October 10, 2024.

14. Plaintiff, Amaryllis Santiago, parked her vehicle in a marked parking spot in the parking lot of 300 S. Main Street, Wilkes-Barre, PA 18706.

15. As plaintiff exited her vehicle to walk to the entrance of the building, she was caused to step into an unreasonably dangerous, unsafe and uneven surface in the parking lot causing her to trip and suffered injuries.

16. The area was an expected pedestrian walkway, as customers of USPS would be expected to walk over this area to access the post office.

17. Plaintiff reported the incident to the cashier on duty.

18. As a direct and proximate result of the negligence and carelessness of defendants, Plaintiff Amaryllis Santiago suffered serious and permanent personal injuries including but not limited to right ankle: partial tearing of the anterior talofibular ligament at the fibula insertion, edema of the posterior talofibular ligament, tibiotalar joint effusion, subchondral edema in the medial tibial plafond, focal subchondral edema in the dorsal aspect of the second metatarsal base; left ankle: effusion in talonavicular, tibiotalar and subtalar joints. sprain of both the posterior tibiofibular ligament and deltoid ligament, sinus tarsitis with mild disruption of calcaneal and interosseous ligaments, tenosynovitis affecting the flexor hallucis longus, flexor digitorum longus, peroneal tendons, and tibialis posterior tendon, Karger's fat pad edema, and retrocalcaneal bursitis; abnormal gait pattern; decreased strength and stability in bilateral lower extremities; loss in range of motion in bilateral lower extremities; bilateral nerve involvement in her lower extremities; numbness with compression syndrome; multiple nerve root type injury and/or radiculopathy with possible secondary local entrapment/double crush syndrome; bilateral ankle pain; and bilateral ankle swelling, some or all of which may be serious and permanent in nature that have not healed to function normally and will not heal to function normally with further medical treatment.

19. As a direct and proximate result of the negligence and carelessness of defendants, Plaintiff, Amaryllis Santiago, to date has required urgent care treatment, orthopedic/podiatry consultations, MRIs, x-rays, ultrasounds, bracing, medication, and physical therapy and may in the future require orthopedic/podiatry consultations, medication, injection therapy, long-term bracing, physical therapy and/or arthroscopic surgery of both the right and left ankles.

**COUNT I - NEGLIGENCE**

**AMARYLLIS SANTIAGO V. ALL DEFENDANTS**

20. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

21. Defendants were negligent and careless by:

a. failing to provide plaintiff with a safe place to walk on the premises, including the parking lot;

b. failing to properly and adequately inspect and maintain the premises and its parking lot and failing to remove defects on the premises, including the parking lot;

c. failing to train defendants' agents, servants, workers, contractors and/or its employees to ensure the premise including the parking lot was not in a hazardous condition caused by a dangerous and defective uneven walking surface;

d. failing to properly train and supervise their agents, servants, employees, workmen, contractors, and subcontractors regarding the identification and removal of defects on the premises including the parking lot;

e. failing to select, hire, employ, supply and contract with competent contractors/subcontractors for the identification, prevention, removal and repair of defects on the premises, including the parking lot;

f. failing to warn plaintiff of the dangerous and unsafe conditions on the premises, including the parking lot;

g. failing to warn plaintiff of the dangerous and unsafe conditions on the premises when defendant had actual and/or constructive notice of the unreasonable defect on the premises, including the parking lot;

h. violating and failing to comply with applicable federal and state statutes, local ordinances, and all administrative and industry practices otherwise pertaining to uneven walking surfaces in parking lots open to the public;

i. failing to adequately inspect and maintain the premises, including the parking lot, to keep it free and clear of hazardous conditions;

j. exposing plaintiff to an unreasonable risk and danger by failing to provide proper and adequate inspections and maintenance of the premises including the parking lot;

k. failing to warn plaintiff of the peculiar, dangerous and unsafe conditions then and there existing upon the premises including the parking lot;

l. failing to repair defects on the premises including the parking lot when defendant knew or should have known that business invitees would have to walk in the parking lot;

m. failing to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans regarding the

inspection, detection, repair and removal of defects on the premises including the parking lot;

n. failing to provide all necessary verbal and written warnings to plaintiff regarding the defect on the premises;

o. allowing the defect to remain on the premises for an unreasonable amount of time;

p. creating a hazardous condition on the premises;

q. permitting a hazardous condition to remain on the premises when defendant knew or should have known that it would increase the risk of harm to invitees, such as plaintiff; and

r. failing to take all reasonable and necessary action to prevent, identify, and remove the hazardous condition on the premises.

22. As a direct and proximate result of the negligence and/or carelessness of the defendants, as aforesaid, Plaintiff suffered injuries including but not limited to right ankle: partial tearing of the anterior talofibular ligament at the fibula insertion, edema of the posterior talofibular ligament, tibiotalar joint effusion, subchondral edema in the medial tibial plafond, focal subchondral edema in the dorsal aspect of the second metatarsal base; left ankle: effusion in talonavicular, tibiotalar and subtalar joints. sprain of both the posterior tibiofibular ligament and deltoid ligament, sinus tarsitis with mild disruption of calcaneal and interosseous ligaments, tenosynovitis affecting the flexor hallucis longus, flexor digitorum longus, peroneal tendons, and tibialis posterior tendon, Karger's fat pad edema, and retrocalcaneal bursitis; abnormal gait pattern; decreased strength and stability in bilateral lower extremities; loss in range of motion in bilateral lower extremities; bilateral nerve involvement in her lower extremities; numbness with

compression syndrome; multiple nerve root type injury and/or radiculopathy with possible secondary local entrapment/double crush syndrome; bilateral ankle pain; and bilateral ankle swelling, some or all of which may be serious and permanent in nature that have not healed to function normally and will not heal to function normally with further medical treatment.

23. As a direct and proximate result of the negligence and/or carelessness of the defendants, as aforesaid, Plaintiff suffered, *inter alia*, a loss of life's pleasures and an inability to engage in her usual and customary activities; pain, suffering, and an inability to perform her work and recreational activities and personal duties in full or in part.

24. As a direct and proximate result of the negligence and/or carelessness of the defendants, as aforesaid, Plaintiff was caused or will in future be caused to remain out of work and Plaintiff has in the past and may in the future be limited in her ability to perform her job duties or avocations.

25. As a direct and proximate result of the negligence and/or carelessness of the defendants, as aforesaid, Plaintiff required medical treatment and diagnostic testing, including but not limited to urgent care treatment, orthopedic/podiatry consultations, medication, bracing, diagnostic testing, and physical therapy, and Plaintiff has in the past and may in the future require additional treatment, physical therapy, medication, bracing, injections, surgery, and testing, all to her great detriment and loss.

26. As a direct and proximate result of the negligence and/or carelessness of the defendants, as aforesaid, Plaintiff has in the past incurred and may in the future incur bills to pay various amounts for medical care, treatment, and prescriptions, all to her great detriment and loss, including medical bills and other benefits issued through a policy of health insurance, and claim is made for reimbursement of same.

27. As a direct and proximate result of the negligence and/or carelessness of the defendants, as aforesaid, Plaintiff has in the past and may in the future continue to suffer lost wages, loss of earnings, and a loss of earning capacity.

WHEREFORE, Plaintiff, Amaryllis Santiago, claim of defendants a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages, delay damages, interest, allowable costs of suit, including but not limited to:

a. compensatory damages to Plaintiff to make Plaintiff whole for past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of the conduct of the defendant;

b. compensatory damages to Plaintiff for past and future physical pain and suffering, emotional upset, mental anguish, embarrassment, humiliation, and loss of life's pleasures;

c. compensatory damages to Plaintiff for past and future medical bills, costs and expenses;

d. Plaintiff’s costs of this action;

e. other such damages and relief as this Honorable Court deems appropriate.

***MATTIACCI LAW, LLC***

By: ______________________________

John A. Mattiacci, Jr.
Attorney ID: 89567
Mattiacci Law, LLC
1500 John F. Kennedy Boulevard, Suite 620
Philadelphia, PA 19102
Telephone: (215) 914-6919
Facsimile: (215) 914-6958
Email: jm@jminjurylawyer.com
Attorney for Plaintiff,
Amaryllis Santiago